IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROLAND E. WILLIAMS,  :  Plaintiff  : : v.  : IRONWORKERS LOCAL NO. 16  : PENSION FUND, *et al.*,  :  Defendants  : | Civil No. AMD 04-1417 |

...o0o...

MEMORANDUM OPINION

Plaintiff Roland Williams filed this action pursuant to the Employee Retirement Income Security Act of 1974, as amended, ("ERISA") 29 U.S.C. § 1001 *et seq.*, asserting a wrongful denial of benefits against defendant Ironworkers Local No. 16 Pension Fund ("Pension Fund") and its Board of Trustees.[1] The Pension Fund asserts, *inter alia*, the affirmative defense that Williams's claim is barred by the applicable statute of limitations, and thus seeks summary judgment. Williams seeks partial summary judgment on certain merits issues. After careful review of the record, no hearing being necessary, I am persuaded of the correctness of defendant's contention and therefore enter judgment in favor of defendants.[2]

---

[1] The Pension Fund is an employee pension benefit fund as defined in Section 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A). The Pension Fund is also a "multiemployer plan" as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and is jointly sponsored by Iron Workers Local Union No. 16 ("Local 16") and the Ironworkers Glaziers Employers Association ("Association").

[2] Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to

(continued...)

There is no genuine dispute of material fact. In 1969, Williams began working for employers in Maryland contributing to the Pension Fund. Accordingly, he became a participant in the Pension Plan. Williams remained so employed until 1974, after which he relocated to California and worked out of Local Union No. 433, a union affiliated with Local No. 16, Williams's union.[3] Williams worked through Local No. 433 until 1976. In 1976, Williams returned to Maryland and worked through Local No. 16 until 1981. Thereafter, between 1982 and 1989, Williams worked for numerous employers not contributing to the Pension Fund. In 1990, Williams returned to work for employers in Maryland contributing to the Pension Fund. In August 1990, he suffered a severe injury on the job, leaving him permanently disabled from employment as an ironworker.

ERISA provides no explicit limitations period for bringing a private cause of action. Thus, claims for wrongful denial of benefits under ERISA are governed by the Maryland three-year statute of limitations for contract actions. *Dameron v. Sinai Hospital of Baltimore, Inc.*, 815 F.2d 975, 981 (4th Cir. 1987). An ERISA judicial claim accrues when a claim for benefits has been made and formally denied. *Cotter v. Eastern Conference of*

---

[2](...continued)
any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A fact is material for purposes of summary judgment, if when applied to the substantive law, it affects the outcome of the litigation. *Id*. at 248. Summary judgement is also appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[3]Local No. 433 was affiliated with Local No. 16. Therefore, Williams's two year tenure in California with Local No. 433 did not result in a permanent break in service and allowed him to remain a participant in the Pension Fund upon his return to Local No. 16 in 1976.

*Teamsters Retirement Plan*, 898 F.2d 424, 429 (4th Cir. 1990). An ERISA benefit claim is deemed denied when a plan's administrative review procedures have been exhausted. *Kemp v. Control Data Corp.*, 785 F.Supp. 74, 76 (D.Md. 1991) (noting the public policy supporting the utilization of the internal appeals process as mandated by 29 U.S.C. § 1133 to assure the orderly and considered review of benefits decisions by the plan's fiduciaries and to prevent federal courts from being flooded with ERISA litigation).  Administrative review is exhausted, and the statute of limitations begins to run, on the date the claimant is notified that the appeal of the initial benefit determination has been denied. *Id*. at 76.

In March 1990, Williams wrote to the defendants seeking "a statement of verification of pension of vested time from 1969 to 1983." That same year, defendants responded to Williams's request for verification, concluding Williams was not vested in the Pension Fund as he had suffered a "permanent" break in service in 1981. Williams appealed to the Board of Trustees and his appeal was denied. Notably, Williams's 1990 communication with the defendants was merely to verify his future qualification for benefits as opposed to a request to receive benefits.

In 1996, Williams sent a letter to the Pension Fund seeking an early retirement benefit. The administrator denied his request, concluding that he was not a vested participant in the Pension Fund.[4] The administrator also advised Williams that he had the right to appeal to the Board of Trustees by filing a written request for review within 60 days. Williams did

---

[4]Williams was born in September 1938, and thus in 1996 he had attained age 55, the minimum age for early retirement benefits under the pension plan.

not file an appeal. In late 2000, Williams contacted the United States Department of Labor regarding defendants' denial of his requests for pension benefits. The Department of Labor made inquiry into the matter. In 2002, Williams wrote to defendants seeking an application for full pension benefits, which was summarily denied based on the prior explanation: that Williams was not vested in the Pension Fund due to a permanent break in service between 1982 and 1990. In 2003, Williams again applied for and was denied pension benefits. In February 2004, Williams appealed defendants' denial of his application for pension benefits, and his appeal was denied in April 2004. Williams filed the instant lawsuit on May 5, 2004.

Williams asserts that the internal appeals process was not exhausted until April 15, 2004, when he received defendants' letter formally denying his appeal of the decision to deny him pension benefits. This argument is based on the erroneous premise that the relevant pursuit of pension benefits was initiated in 2002, which resulted in the April 2004 appeals denial. However, Williams in fact initiated his pursuit of pension benefits in 1996 when he sought early retirement benefits from the Pension Fund. For reasons not disclosed in the record, Williams chose not to appeal this denial of benefits. Consequently, the applicable three year statute of limitations regarding his instant claim of wrongful denial of pension benefits began to run in 1996 upon the exhaustion of the administrative review procedures. Thus, the applicable three-year period of limitations bars any judicial claim filed after 1999, which includes the present lawsuit.

Accordingly, the defendants' motion for summary judgment shall be granted and Williams's motion for summary judgment shall be denied.[5] An order follows.

Filed: April 21, 2005                                   /s/
                                              ANDRE M. DAVIS
                                              United States District Judge

---

[5] Because the applicable statute of limitation bars Williams's claim as a matter of law, I need not address the merits of the plaintiff's claim for benefits.